NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO GUADALUPE CERNA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.    15-72419<br><br>Agency No. A095-024-341<br><br>MEMORANDUM[*] |

On Petition for Review of an
Immigration Judge's Decision

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Cerna's motion to stay removal filed on September 16, 2016 (Docket Entry

No. 21), is denied as moot.

Francisco Guadalupe Cerna, a native and citizen of El Salvador, petitions for

review of the Department of Homeland Security's ("DHS") March 12, 2015, order

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reinstating his October 4, 2006, order of removal, and for review of an immigration judge's ("IJ") August 4, 2015, determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. Our review of the DHS's reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We review for substantial evidence the IJ's findings of fact. *Andrade-Garcia v. Lynch*, No. 13-74115, 2016 WL 3924013 (9th Cir. July 7, 2016). We dismiss in part and deny in part the petition for review.

As to the DHS's order of reinstatement, the DHS did not err in issuing Cerna's reinstatement order, where the record shows Cerna is an alien, he was subject to a prior order of removal, and he illegally reentered subsequent to that order. *See Garcia de Rincon*, 539 F.3d at 1137 (court's jurisdiction is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed

2

voluntarily, under an order of removal, the prior order of removal is reinstated from its original date"). Cerna has not established that his reinstatement proceedings violated due process. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc) ("[A] previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order").

We lack jurisdiction to review Cerna's collateral challenges to the underlying 2006 removal order because this petition for review is not timely as to that decision, *see* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995), and Cerna has not established a gross miscarriage of justice so as to permit review of that order of removal on due process grounds, *see Garcia de Rincon*, 539 F.3d at 1138. Thus, we deny in part and dismiss in part Cerna's petition for review as to the DHS's reinstatement order.

As to the reasonable fear determination, substantial evidence supports the IJ's conclusion that Cerna failed to establish a reasonable possibility of future persecution, where the evidence demonstrates his past experiences and feared future harm of gang violence lack a nexus to an enumerated ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act

"requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Substantial evidence also supports the IJ's determination that Cerna failed to establish a reasonable possibility of future torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014). We reject Cerna's contention that the IJ erred in her analysis. We also reject Cerna's contentions that the asylum officer and the IJ violated due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (explaining that a petitioner must show prejudice to prevail on a due process claim). Thus, we deny Cerna's petition for review as to the IJ's negative reasonable fear determination.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.

4